UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

BURKETT RAZA,

    Plaintiff,

v.

ALL VIP CARE INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BURKETT RAZA ("Ms. Raza" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, ALL VIP CARE INC. ("AVC" or "Defendant"), a Florida profit corporation, and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), and under Florida's Private Whistleblower Act ("FWA") to recover from Defendant actual and compensatory damages, including front pay and back pay, emotional distress damages, liquidated damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Palm Beach County, Florida.

**PARTIES AND FLSA COVERAGE**

3. At all times material hereto, Plaintiff was a resident of St. Lucie County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida profit corporation that maintains a location or locations in Palm Beach County, Florida, where Plaintiff worked for Defendant, and continues to be engaged in business in Palm Beach County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FWA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA and the FWA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in the provision of home nursing services to clients in, among other places, Palm Beach County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, telephones, and the like.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15. At all times material hereto, Defendant employed ten (10) or more persons.

## STATEMENT OF FACTS

16. Plaintiff worked for AVC, most recently as a Medical Biller, from July 18, 2022, until her termination on September 12, 2022.

17. Ms. Raza had previously worked for AVC from December 6, 2021, through May 14, 2022.

18. Throughout her employment, Ms. Raza was deemed an hourly-paid employee by AVC.

19. AVC made attempts to mischaracterize Ms. Raza as "exempt" or "salaried," but her pay was still at an hourly rate, most recently $20.00 in her role as Medical Biller, and was paid for only forty (40) hours per week even in weeks when she worked in excess of forty (40) hours.

20. Ms. Raza's activities were at all times controlled and closely supervised by AVC's Managers and Supervisors.

21. Ms. Raza had no authority to hire and fire employees of AVC.

22. Ms. Raza had no authority to discipline employees of AVC, to set rates of pay for other AVC employees or agents of AVC, and had no input into the performance reviews of other employees or agents of AVC.

23. All of Ms. Raza's major decisions had to be cleared in advance by one of AVC's

Managers or Supervisors, and Ms. Raza was closely monitored by those Managers and Supervisors at all times.

24. Ms. Raza followed procedures established by AVC and did exactly as she was instructed to do, rarely or never exercising discretion or independent business judgment with respect to matters of importance to AVC's management or its business operations.

25. Ms. Raza routinely worked over fifty-five (55) hours per week without being paid an overtime premium, or anything at all, for the hours worked in excess of forty (40) in a given work week.

26. Ms. Raza more than once asked to see her paystubs but her requests were ignored by AVC Managers and Supervisors, including AVC Owner Liz McKinnon.

27. In August of 2022, Ms. Raza objected to Ms. McKinnon that AVC's actions violated, *inter alia*, the FLSA and Chapter 448 of the Florida Statutes, explaining that it was not fair that she was working so many hours in excess of forty (40) most weeks and not being compensated for it at all, when other employees were, to Ms. Raza's knowledge, compensated for working on weekends.

28. Ms. Raza's objections constituted protected activity under the FWA and the FLSA.

29. Ms. Raza's objections were to actual violations of, *inter alia*, the FLSA, as well as the wage provisions within Fla. Stat. 448.08 *et seq*.

30. Alternatively, Ms. Raza' objections were to what Ms. Raza reasonably believed to be actual violations of, *inter alia*, the FLSA, as well as the wage provisions within Fla. Stat. 448.08 *et seq*.

31. In response to Ms. Raza' objections, Ms. McKinnon stated dismissively, "I pay

you twenty dollars an hour, you are exempt."

32. This was the first time that Ms. Raza had heard or learned that AVC considered her exempt.

33. Previously, AVC had always described Ms. Raza as an hourly-paid employee.

34. On September 12, 2022, oncerned and unsatisfied with Ms. McKinnon's response to her objections to AVC's violations of law, Ms. Raza asked Ms. McKinnon if the two of them could discuss these matters further.

35. In response, Ms. McKinnon informed Ms. Raza via text message that AVC had terminated her employment, effective immediately.

36. The actions described hereinabove are characteristic of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-thought-out and long-considered plan of termination.

37. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and because of her other objections to Defendant's illegal actions and practices.

38. There is an extremely close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's illegal pay practices, and to Defendant's other violations of law, and her termination very shortly thereafter.

39. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff.

40. Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

41. Any reason provided by Defendant for its adverse employment action(s) against

Plaintiff is a pretext and a cover-up for illegal retaliation.

42. The person and/or persons to whom Ms. Raza voiced her objections to AVC's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating her.

43. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

44. Defendant's hourly-paid non-exempt workers should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that they worked in excess of forty (40) hours per week, as required by the FLSA, throughout their employment.

45. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether AVC employees' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether AVC employees' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

47. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether AVC employees' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

48. Based on the allegations in Paragraphs 45-47, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

49. As to her FWA Claims, Plaintiff's objections and refusals were considered

protected activity pursuant to Fla. Stat. § 448.102, and qualified Ms. Raza as a whistleblower under the law.

50. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

51. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

52. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I
### UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

53. Plaintiff reincorporates and re-alleges Paragraphs 1 through 14, 16 through 48, and 52 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

54. Plaintiff objected to Defendant's illegal pay practices and asserted violations of the FLSA.

55. Shortly thereafter, Defendant illegally terminated Plaintiff from her employment in violation of 29 U.S.C. § 215(a)(3).

56.     Plaintiff was terminated for no other reason than her objections to Defendant's illegal pay practices.

57.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

58.     The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

59.     In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in her favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

60.     Plaintiff reincorporates and re-alleges Paragraphs 1 through 4, 7 through 8, 12,

15 through 44, and 49 through 52 of the Complaint, above, as if set forth fully herein, and further alleges as follows:

61. On September 12, 2022, Defendant illegally terminated Plaintiff from her employment in violation of Fla. Stat. § 448.102.

62. Plaintiff was retaliated against and terminated in violation of Section 448.102, Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, and/or for refusing to participate in same.

63. Plaintiff objected to and refused to participate in a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

64. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 13th day of November, 2023.

*(Remainder of page left intentionally blank)*

Respectfully submitted,

**<u>By: /s/ Noah E. Storch</u>**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*