UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cv-81481-WM

(CONSENT CASE)

BURKETT RAZA,

      Plaintiff,

vs.

ALL VIP CARE, INC.,

      Defendant.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff, BURKETT RAZA ("Plaintiff") and Defendant, ALL VIP CARE, INC., ("Defendant"), through their counsel, file this Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit, and state the following in support:

### I.    STATEMENT OF FACTS

Plaintiff filed a Complaint against the Defendant. Defendant deny the allegations in the Complaint.

Notwithstanding the Parties' disagreement over the legal and factual merits of the allegations, and the scope of any potential damages, the Parties reached an amicable resolution.

To that end, the Parties executed a Settlement Agreement, memorializing the monetary and non-monetary terms and conditions of settlement. A copy of the fully executed Settlement Agreement is being submitted to this Court via e-mail.

In accordance with the applicable requirements for settling a FLSA claim as well as the Court's instructions at the Settlement Conference, the Parties seek the Court's approval of the Settlement Agreement, which resolves the dispute in full. Further, upon this Court's approval of

1

the Settlement Agreement, the Parties stipulate to dismissal of this case in its entirety, with prejudice, and further request that this Court retain jurisdiction. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

## II.     ARGUMENT

Pursuant to the FLSA, claims for overtime compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the Parties dispute the existence of liability. Defendant denies that it owes Plaintiff any overtime and denies that it retaliated against Plaintiff for asserting her rights under the FLSA. Nonetheless, the Parties agree to settle all claims in this action, and as such, have executed a Settlement Agreement.

Further, Plaintiff's overtime claim is nominal/*de minimis*. According to Plaintiff's Statement of Claim (D.E. 19), Plaintiff estimates that Defendant owes her 5-6 overtime hours per week for 8 weeks for an estimated total of 45 hours. Taking the estimated forty-five (45) overtime ("OT") hours owed, multiplied by Plaintiff's $30.00 hourly OT Rate, Plaintiff estimates that she is owed a total of 45 hours x $30.00 OT Rate = $1,350 in unliquidated overtime damages, and $2,700, in liquidated damages plus attorneys' fees and costs.  As set forth in the Settlement Agreement, and despite Defendant's position that it does not owe any overtime to the Plaintiff and

express denial of same, it agrees to pay Plaintiff for backpay and an equal amount representing liquidated damages to resolve the FLSA claim. The Parties agree that these amounts represent a fair compromise of Plaintiff's nominal FLSA claim.

Additionally, as set forth in the Settlement Agreement, an additional sum is being paid to Plaintiff in consideration for non-monetary terms, including a full general release, mutual confidentiality, and mutual non-disparagement.

The Parties agree that the amount of the wages payment being provided to Plaintiff is fair and reasonable compromise of the disputes. The Parties agree that it is better to resolve the dispute, rather than incur the additional time, cost, and risk of proceeding with the trial.

Both sides worked in good faith to reach an amicable resolution at a fair and reasonable amount.

Plaintiff is receiving a reasonable and satisfactory recovery of an agreed sum of backpay and liquidated damages, plus payment of an amount of attorneys' fees and costs that was negotiated separately, and without regard to, the amount Plaintiff is receiving to settle her FLSA claim. The Parties agree that the amount of the attorneys' fees and costs being provided to Plaintiff's counsel is fair and reasonable considering it's far less than what Plaintiff has incurred.

The terms of the Settlement Agreement are contingent upon approval by this Court. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction to enforce the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, including any potentially related counterclaims and claims for attorneys' fees and costs, but retaining jurisdiction to enforce the Settlement Agreement.

Dated this 26th day of March, 2025.

Respectfully submitted,

| | |
|---|---|
| RICHARD CELLER LEGAL, P.A. | **/s/ Joshua M. Entin** |
| | Joshua M. Entin, Esquire |
| **/s/Andres Kroboth** | Fla. Bar No. 493724 |
| Andres Kroboth, Esq. | Entin Law Group, P.A. |
| Florida Bar No. 1016483 | 1213 S.E. Third Avenue |
| Noah E. Storch, Esq. | Ft. Lauderdale, Florida 33316 |
| Florida Bar No. 0085476 | Tel: 954-761-7201 |
| 7951 SW 6th St, Suite 316 | Email: Josh@entinlaw.com |
| Plantation, Florida 33324 | **Counsel for Defendant** |
| Tel:  (866) 344-9243 | |
| Fax: (954) 337-2771 | **/s/ Michael L. Elkins** |
| Email: andres@floridaovertimelawyer.com | Michael L. Elkins, Esquire |
| Email: noah@floridaovertimelawyer.com | Fla. Bar No. 523781 |
| | MLE LAW |
| **Attorneys for Plaintiff** | 1212 N.E. 16th Terrace |
| | Ft. Lauderdale, Florida 33304 |
| | Tel: 954-401-2608 |
| | Email: melkins@mlelawfirm.com |
| | **Counsel for Defendant** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Joshua M. Entin*
Joshua M. Entin

4

## SERVICE LIST
CASE NO.: 23-cv-81481WM


RICHARD CELLER LEGAL, P.A.
Andres Kroboth, Esq.
Noah E. Storch, Esq.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Tel:  (866) 344-9243
Fax: (954) 337-2771
Email: andres@floridaovertimelawyer.com
Email: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*